Eder, J.
Plaintiffs move to vacate executions issued by defendant and levies made thereunder by the Sheriff, and to punish said defendant and his attorney for contempt for their alleged violation of the stays provided in sections 573 and 601 of the Civil Practice Act.
Preliminarily, it may be observed that the question of the claimed violation of the stay of execution provided in section 573 (continuing the stay originally procured in connection with the appeal for a period of five days after service on appellant’s attorney of written notice of entry of the judgment affirming the judgment appealed from) is not presented for decision on this motion, although made the subject of much discussion by the parties. That levy made June 2, 1955, to which plaintiffs *44 objected as contrary to the provisions of the section, was promptly withdrawn by defendant, and plaintiffs have since then commenced an action for abuse of process containing a cause of action for such alleged violation, which action is now pending. Insofar as plaintiffs urge punishment for contempt on this ground, the application is denied. Under the circumstances shown the court finds no such willful act in disregard of the law’s requirements as to warrant punishment, even if it be ultimately determined that defendant issued execution prematurely. Moreover, plaintiffs have availed themselves of the remedy of an action for damages for such act. There is therefore no necessity for passing upon the merits of this application insofar as section 573 is concerned.
With regard to the alleged violation of section 601: It appears that defendant issued the execution pursuant to which the existing levy was made on September 19,1955, long after the expiration of the five-day period provided in section 573. Plaintiffs, however, claim that they complied with the provisions of section 601 and were, prior to said levy, entitled to the stay granted therein until conclusion of their applications for leave in the Appellate Division and the Court of Appeals to appeal to the Court of Appeals.
Section 601, as revised in 1945, together with other appeal provisions including section 573, provides that where appeal lies by permission and the case is one in which an order for a stay is not required on appeal, a stay of all proceedings until the granting or final refusal of such leave to appeal results automatically when the opposing attorney is served with an affidavit that appellant intends to apply for leave and also “ and proof of compliance' with provision (b) of section 594 ” (applicable to judgments or orders for money only, the situation here). The latter section prescribes the undertaldng necessary to stay execution without an order on such a judgment or order upon an appeal to the Court of Appeals; provision (a) thereof concerning the special undertaking in the sum of $500 required on all appeals to the Court of Appeals to perfect such appeals is dispensed with upon applications for leave to appeal until leave is actually granted, when it becomes necessary.
Provision (b) of section 594 requires a new undertaking as distinguished from the undertaking filed in connection with the original appeal to the Appellate Division. That original undertaking is merely an agreement by the surety that appellant will pay all costs, etc., awarded as well as the judgment affirmed on the appeal to the Appellate Division. Section 594 contem *45 plates, however, an appeal to the Court of Appeals, and the undertaking thereunder is required to secure not only the judgment affirmed but also the judgment (entered upon the order of the Appellate Division) from which an appeal to the Court of Appeals is sought in the applications for leave (Civ. Prac. Act, § 599). Section 601 requires service upon respondent’s attorney of proof that such an undertaking has been filed in addition to the affidavit of intention.
Plaintiffs did serve the affidavit on June 2, 1955, but have thus far failed to furnish the undertaking required by section 601 in the mistaken belief that the undertaking given upon the appeal to the Appellate Division was sufficient by itself to serve as the undertaking for the applications for leave to appeal to the Court of Appeals.
It must accordingly be held that, as of September 19, 1955, no stay of execution was in effect and defendant had a clear legal right to issue execution. As a matter of fact, defendant could have issued execution long prior thereto but withheld doing so until plaintiffs’ cause of action in the abuse of process action based on alleged violation of the stay provided in section 601 was dismissed on motion by Mr. Justice McG-ivbbh (N. Y. L. J., Sept. 19, 1955, p. 7, col. 3). Plaintiff’s had more than adequate time to acquaint themselves with the law governing this technical field of stay of execution pending appeal, and the necessary qualifications to acquire such knowledge, being themselves practicing lawyers, but chose to stand upon their own view of the procedure to be followed and even now maintain the correctness of their interpretation of section 601.
The right to issue execution and the converse right of a stay of execution are governed by statute law. The courts may grant relief only to the extent authorized by statute. There is no room for judicial intervention if a levy is made pursuant to law at a time when no stay of execution is in effect. That is the situation here in view of the abortive attempt to comply with section 601.
Plaintiffs also contend that the levy made against their partnership bank account should be vacated inasmuch as the judgment upon which execution was issued was against them individually. Plaintiffs are two attorneys who brought this action for legal services rendered in part by one of them and in part by their partnership. Judgment was entered after trial against both of them. It is true that, under certain exceptional circumstances, such as where both partnership creditors and individual creditors exist and the question of priority as between *46 them in the event of insolvency is raised, partnership assets may not he seized to satisfy individual claims. No such circumstances are here set forth. The levy must accordingly be held to be good, the partnership account appearing on the facts presented to be the individual plaintiffs’ funds.
The motion is in all respects denied.