■ CAPRICE IMPORTS, INC., Appellant, v. SOC. ACC. SEMPLICE CALZATURIFICIO VIBELSPORT DI VIBELLI & C. et al., Respondents.— Judgment unanimously affirmed on the law and on the facts, with costs to defendants. Plaintiff has not presented any credible evidence of damages in connection with the various breaches of contract alleged in paragraph 7 of its complaint; nor, in fact, has it shown any damages under any tenable theory of law. Even if we accept plaintiff's claim that it had reserved its right to assert damages previously

sustained under the letter agreement of October 1, 1957, it has failed to prove that any damages resulted from the actions of defendants during that period. Plaintiff received full payment for all orders diverted by Toumaniantz prior to October 1, 1957. There is no evidence of any violations of the contract obligations by defendants for the period from October 1, 1957 to January, 1958, when the corporate defendant cancelled its contract with plaintiff. Whatever rights plaintiff may claim to have reserved orally under the letter agreement of October 1, 1957, it unequivocally agreed to purchase 25,000 pairs of shoes during the year 1957 — reduced from the 30,000 figure required under the original agreement. It is undisputed that plaintiff purchased only 17,000 pairs of shoes; and the jury was therefore entitled, if not constrained, to find that plaintiff had itself breached the contract and that the corporate defendant was justified in canceling it. In any event, plaintiff has failed to show it sustained any damages during the life of the contract. Order entered on February 24, 1961, denying plaintiff's motion for the entry of a default judgment against the individual defendants on the second cause of action contained in the complaint, unanimously affirmed, on the law and on the facts, with $20 costs and disbursements to the individual defendants. The second cause of action, which recites a conspiracy, is insufficient upon its face, inasmuch as it charges the individual defendants with conspiring to breach their own contractual obligations (*Labow* v. *Para-Ti Corp.,* 272 App. Div. 890). Such an alleged conspiracy does not support a cause of action (*Friedman* v. *Roseth Corp.,* 270 App. Div. 988, affd. 297 N. Y. 495.); and we therefore need not consider the other arguments advanced by defendants. Concur — Botein, P. J., Rabin, McNally, Eager and Bastow, JJ. [27 Misc 2d 983.]