**Robert M. BAKER and Harry E. Woods, d/b/a Baker & Woods, Plaintiffs,**

v.

**ESTATE of Felix ROSENBAUM, Defendants.**

**Civ. No. 47–71.**

United States District Court, D. Puerto Rico.

Nov. 8, 1972.

---

Baker & Woods, Santurce, P. R., for plaintiffs.

O'Neill & Borges, Hato Rey, P. R., for defendant Estate of Felix Rosenbaum.

Max Ramirez de Arellano, Santurce, P. R., for defendant Lenore Gladys Rosenbaum.

TOLEDO, Judge.

### ORDER

Plaintiffs filed complaint to collect the sum of Thirty Six Thousand Eight Hundred Seventy Five Dollars and Forty Five Cents ($36,875.45), plus interest, costs and attorneys fees for professional services allegedly rendered on behalf of Felix Rosenbaum and Clara Rosenbaum, both deceased and the succession of Clara Rosenbaum, deceased, all of which services were alleged to have been performed at the special instance and request of Felix Rosenbaum, individually and as executor of the last will and testament of Clara Rosenbaum, deceased. On February 14, 1972, plaintiffs moved for Summary Judgment in this matter. In defendants' Opposition to Motion for Summary Judgment dated March 29, 1972, there was, for the first time, disclosed to the Court the existence of another heir of Felix Rosenbaum and Clara Rosenbaum, Lenore Gladys Rosenbaum, age 44, an incompetent confined in the Wrentham State School, in Wrentham, Massachusetts. Defendants moved to dismiss complaint on the ground that said Lenore Gladys Rosenbaum was a necessary party to the action and had not been joined. Plaintiffs then filed a motion, on April 29, 1972, to join Lenore Gladys Rosenbaum as an additional party defendant pursuant to Rule 19 of the Federal Rules of Civil Procedure and for the appointment of a guardian ad litem of said Lenore Gladys Rosenbaum, an incompetent, pursuant to Rule 17(c) of the Federal Rules of Civil Procedure.

As we stated in Baker, et al. v. Standard Industries, Inc., F.Supp. (D.C. P.R.1972), Civil 325–71, October 20,

1972, Rule 19 of the Federal Rules of Civil Procedure governs the joinder of parties in federal civil suits. In 1966, said Rule was revised and amended and its basic terminology was changed from "Necessary Joinder" (Pre-1966 Rule 19 (a)) to "Persons to be Joined if Feasible" (Present Rule 19(a)). Any person that falls under the description of subdivision (1) and (2) of Rule 19(a), should be joined as a party. However, a federal court can proceed toward an adjudication without the presence of a necessary party; but if that party is deemed indispensable, the court must order the joinder, even though said action may imply the loss of diversity of citizenship of parties, likewise depriving the Court of jurisdiction over the subject matter. Jett v. Zink (5 Cir. 1966), 362 F.2d 723, 726.

■ Since Lenore Gladys Rosenbaum is a citizen and resident of the State of Massachusetts, as are all the defendants herein, she can be joined as a party defendant without depriving the Court of jurisdiction over the subject matter. Since it is alleged that Lenore Gladys Rosenbaum is an heir to the Estate of Felix and Clara Rosenbaum, and as such has a definite interest in the outcome of this case, we must order her joinder as an indispensable party. No mention was made of Lenore Gladys Rosenbaum as an heir in the last will and testaments of Felix and Clara Rosenbaum, annexed to plaintiffs' motion dated May 1, 1972. According to Article 736 of the Puerto Rico Civil Code, 31 L.P.R.A., Section 2362, forced heirs are "legitimate children and descendants, with regard to their legitimate parents and ascendants . . .". It is alleged by both parties that Lenore Gladys Rosenbaum is the daughter of Felix and Clara Rosenbaum and, therefore, falls within the category of a forced heir. The omission of a forced heir in a will annuls the institution of an heir or heirs, according to Article 742 of the Civil Code (31 L.P.R.A., Section 2368). See also: Guaroa Velázquez, Teoría del Derecho Sucesorio Puertorriqueño, pp. 148–151.

■ An indispensable party is one who must be joined because his nonjoinder is so prejudicial, both to his rights and to those of the parties already joined, that the action cannot continue without him. Jones Knitting Corporation v. A. M. Pullen & Co. (D.C. N.Y.1970), 50 F.R.D. 311; and Rule 19 (b), Federal Rules of Civil Procedure. There can be no doubt that Lenore Gladys Rosenbaum, as a forced heir to the Estate of Felix and Clara Rosenbaum, defendants in this case, is an indispensable party and must be joined.

■ She is also subject to service of process before this Court, under Rule 4(e), Federal Rules of Civil Procedure, which recognizes quasi in rem jurisdiction over out of state residents.

Rule 4(e) sets forth in part, that when a statute or rule of the state in which the United States District Court is held provides for service upon a defendant by reason of the attachment of his property located within the state, service may be made in the manner prescribed in the statute or rule. The property of the estates of Felix Rosenbaum and Clara Rosenbaum having been attached in Puerto Rico, service upon Lenore Gladys Rosenbaum can be made pursuant to Rule 4.5 of the Rules of Civil Procedure of Puerto Rico, since the Court acquires jurisdiction to render judgment to the extent of the property attached. See 6 Am.Jur.2d Attachment and Garnishment, Section 16. Pennoyer v. Neff, 95 U.S. 714, 5 Otto 714, 24 L.Ed. 565.[1]

---

1. Rule 4.4(d) of the Puerto Rico Rules of Civil Procedure governs the service of process on a mental incompetent, not judicially so declared, in the custody of a mental institution. See: First National City Bank v. González & Co. Sucr. Corporation, 308 F.Supp. 596 (D.C.P.R.1970).

Rule 17(c), Federal Rules of Civil Procedure, provides that if an infant or incompetent person does not have a duly appointed representative, the "court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action . . . for the protection of the infant or incompetent person."

It is therefore, ordered, that plaintiffs' motion to join Lenore Gladys Rosenbaum as an additional party defendant is hereby granted; and

It is further ordered, that defendants' motion to dismiss is hereby denied, and plaintiffs' motion for summary judgment be held in abeyance until Lenore Gladys Rosenbaum has interposed answer to the complaint and opposition to plaintiffs' motion for summary judgment; and

It is further ordered, that Mr. Max Ramírez de Arellano, Esquire, 2067 Borinquen Avenue, Santurce, Puerto Rico 00915, be and is hereby appointed as guardian ad litem for Lenore Gladys Rosenbaum, an incompetent, for the protection of her rights as a codefendant in this action. The legal fees and expenses incurred by such guardian ad litem will be reasonably determined by this Court, to be paid from the assets of the codefendant estates.

It is also, further ordered, that all parties notify the guardian ad litem with all the documents they may have filed or may file in the future in this case.