■ HARRY B. HELMSLEY, Respondent, v SEYMOUR COHEN et al., Appellants.—Order entered July 7, 1976 in the Supreme Court, New York County, and the judgment entered thereon July 22, 1976 unanimously modified, on the law, to deny so much of plaintiff's motion as sought to strike the second affirmative defense of 129 Front Company, a New York partnership; to grant the cross motion to strike the complaint as to the individual defendants; and, to sever such cause with leave to plaintiff to replead if so advised. As so modified, the order and judgment appealed from are otherwise affirmed, without costs and without disbursements, for the reasons, where applicable, stated by Riccobono, J., at Special Term. The affirmative defense is raised that the lease herein was assigned to and assumed by the partnership and therefore no individual, but only partnership liability, if any, would attach. The record supports this contention. The lease between plaintiff and Walston & Co., Inc., was assigned to 129 Front Company, the partnership, with the written consent of plaintiff, and it was the partnership, acting by its general partner, which agreed to assume the obligations of the lease. While under certain circumstances partners may be jointly and severally liable for debts chargeable to the partnership (Partnership Law, §§ 24–26), generally their individual assets are chargeable for partnership debts only after the partnership is adjudicated bankrupt, or, under the equitable doctrine of "marshaling assets", when the joint or partnership property is insufficient to pay partnership debts and there appears to be no effective remedy without resort to individual property. (See *Wisnouse v Telsey,* 367 F Supp 855; *Matter of Peck,* 206 NY 55; *Meech v Allen,* 17 NY 300; *Stern v Low,* 27 AD2d 756.) Therefore, absent an allegation that the

partnership is insolvent or otherwise unable to pay its obligations, no action lies against the partners individually *(Friedman v Gettner,* 6 AD2d 647, affd 7 NY2d 764) and the motion to strike the complaint as to the individual defendants and to sever such causes is granted. This holding however does not place individually owned assets beyond the reach of a creditor in an appropriate case and thus leave is granted to replead if advisable. Concur—Stevens, P. J., Kupferman, Markewich and Yesawich, JJ.