Max Bloom, J.
Petitioner moves to confirm an arbitration award. Confirmation is opposed upon the ground that only the partnership was named in the notice to arbitrate; that the individual partners comprising the partnership were never named nor served in the arbitration proceeding, and that *794 while such an award may ordinarily be satisfied out of the partnership property, it may not be enforced as against the assets of the individual partners.
Petitioner, a trades union, entered into a collective agreement with the individual partners doing business as the Ross Nursing Home (Ross). Under the provisions of that agreement, Ross was required to pay to the employees covered by the agreement, certain wage increases, shift differentials and uniform allowances. Ross failed to make these payments. Pursuant to the agreement between the parties, demand was made by the union for arbitration. Notice thereof was served on the personnel director of Ross and on November 5, 1976, the arbitrator rendered his award. In the award, the arbitrator reserved jurisdiction to apportion to each employee the amounts ordered to be paid by Ross in the event that a request therefor was made by either party. Apparently, such a request was made for, by notice dated November 24, 1976, both Ross and the union’s attorneys were notified that a further hearing was to be held on December 9, 1976.
On December 7, 1976, Ross filed a petition under chapter XII of the Bankruptcy Act (US Code, tit 11, ch 12). By virtue of the filing, all proceedings against Ross were stayed (Bankruptcy rule 12-43). On December 9, 1976, an order was entered designating Ross as the debtor-in-possession. On the same day, and in the absence of any representative of Ross, the arbitration hearing proceeded and, on December 15, 1976, the award which is here the subject of the application to confirm was rendered.
For the first time the application to confirm names the individual partners of Ross as parties to the proceeding. Judgment is now sought to be entered personally, inasmuch as everyone is now aware that proceedings against the debtor-in-possession are stayed.
The union contends that the partners are the real parties in interest and, by virtue of the award rendered, against Ross, it is now free to enforce the award against the partners. Indeed, it asserts that, under the Bankruptcy Act, a partnership has entity status and that the Bankruptcy Court, by assuming jurisdiction, subjected only the assets of the partnership and not those of the individual partners to its disposition. Confirmation of an arrangement effects only a discharge of the liability of the partnership. It does not affect the continued *795 liability of the partners (Acme Tool v Flesher, 309 F2d 636; US Code, tit 11, §§ 873, 874, 876).
While all of this may be true, it does not touch the fundamental question. CPLR 1025 confers upon a partnership the right to sue or be sued in the partnership name. The provision derives from section 222-a of the Civil Practice Act, which was enacted on the recommendation of the Judicial Council. Their report (Eleventh Annual Report of NY Judicial Council, 1945, pp 223-227) indicates clearly that the purposes in the enactment of the statute was purely procedural and was to create a new technique for subjecting the assets of the partnership to the court’s jurisdiction (Sugarman v Glaser, 62 Misc 2d 1037). To this extent, and to this extent only, it altered pre-existing law. Indeed, it could not do otherwise without raising due process questions. So far as concerns the substantive liability of the individual partners, the law remains as it was; without service upon them, no liability accrues (Martinoff v Triboro Roofing Co., 228 NYS2d 139; cf. CPLR 1502).
Here, the arbitration proceeded against the partnership only. The individual partners were never named as parties thereto. They were never served with notice of the arbitration, thus, at least in theory, making it unnecessary for them to come in and defend. This failure cannot be cured by service upon them of the motion to confirm.
Inasmuch as all proceedings against the debtor-in-possession are stayed (Bankruptcy rule 12-43), the award may not be confirmed against it. Since the individual partners were not parties to the arbitration proceeding, the award may not be confirmed against them.
Accordingly, the motion to confirm is denied, without prejudice, however, to such proceedings as the union may deem appropriate, either in arbitration or at law, against the individual partners (CPLR 1501).