**Saul B. HAMOND, Plaintiff,**

v.

**Alfred C. CLAPP, Jerome C. Eisenberg, George C. Fischler, Colemar F. Nichols, Robert P. Gorman, Arnold K. Mytelke, Stuart L. Pachman, Roger S. Clapp, William J. O'Shaughnessy, Leonard M. Goldberg, Edward M. Fitzpatrick, Kenneth R. Stein and Stephen H. Roth, Individually and as co-partners doing business under the firm name of Clapp & Eisenberg, Defendants.**

**No. 76 Civ. 3346.**

United States District Court, S. D. New York.

June 23, 1978.

Demov, Morris, Levin & Shein, New York City, for plaintiff by Irving Bizar, New York City, of counsel.

Evans, Orr, Pacelli, Norton & Laffan, P. C., New York City, for defendants.

## MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

Defendants (partners in a firm of attorneys located in New Jersey) move to dismiss this diversity action for lack of jurisdiction, asserting that because one of the partners, Jerome C. Eisenberg ("Eisenberg") is a domiciliary of the state of New York, as is plaintiff, diversity of citizenship does not exist.[1] Plaintiff cross-moves to drop Eisenberg as a party not indispensable to this action. For the reasons that follow, the defendants' motion is denied, and the plaintiff's cross-motion is granted.

### Discussion

 For purposes of diversity, the citizenship of a partnership "is determined not by the citizenship of all the partners but initially by the citizenship of those partners who are actually joined in the action and *ultimately the citizenship of those who, as indispensable parties, must necessarily be joined*." *Jones Knitting Corp. v. A.M. Pullen & Co.* (S.D.N.Y.1970), 50 F.R.D. 311, 315 (italics supplied). As Judge MacMahon observes in the case cited, an indispensable party is one who "must be joined because his non-joinder is so prejudicial, both to his rights and to those of the parties already joined, that the action *cannot* continue without him." *Jones Knitting Corp., supra* at 314; see also Federal Rules of Civil Procedure 19; *Provident Tradesmens Bank & Trust Co. v. Patterson* (1968) 390 U.S. 102,

1. There is some question whether Eisenberg, a long-time resident and domiciliary of New Jersey, abandoned that state and established New York as his domicile. In view of our determi-

88 S.Ct. 733, 19 L.Ed.2d 936; *Prescription Plan Service Corp. v. Franco* (2d Cir. 1977) 552 F.2d 493, citing with approval *Isdaner v. Beyer* (E.D.Pa.1971), 53 F.R.D. 4.

Defendants suggest no theory on which plaintiff could not gain full relief without Eisenberg's participation in this lawsuit, nor why Eisenberg or any other defendant would be injured by his absence. We accordingly find he is not indispensable and grant plaintiff's motion to drop him from the action, which necessarily results in denial of defendants' motion to dismiss.

SO ORDERED.

nation that Eisenberg may be dropped from this action, we need not reach the question of abandonment.