■ NATE B. & FRANCES SPINGOLD FOUNDATION, Respondent, v WALLIN, SIMON, BLACK AND COMPANY et al., Appellants.— Order, Supreme Court, New York County (Myriam J. Altman,

J.), entered on or about March 28, 1991, which denied the defendants' motion to dismiss the complaint and granted the plaintiff's cross motion to amend count IV of the complaint, unanimously modified, on the law, to dismiss count IV of the complaint as to the individual defendants and to deny the plaintiff's cross motion, and otherwise affirmed, without costs.

In July 1990, the plaintiff, a not-for-profit charitable organization, commenced this action alleging malpractice, negligence, breach of fiduciary duty and breach of contract against the defendant partnership accounting firm and its two general partners. The action arises from the alleged malfeasance of James Halperin, the plaintiff's director and chief administrative officer for the years 1975 through 1988, during which he personally either misappropriated or caused to be diverted to his law firm in excess of six million dollars ($6,000,000). It was during this same period that the defendant accounting firm performed various services for both the plaintiff, and Halperin's law firm. A 1988 audit of the plaintiff foundation by the New York State Attorney-General resulted in Halperin's court-ordered removal from the plaintiff's board. The plaintiff seeks $6.4 million in compensatory damages, as well as punitive damages, from the accounting firm and its general partners.

The applicable statute of limitations for the plaintiff's accounting malpractice, negligence and breach of contract claims is governed by the six year statute based on the remedy sought rather than the theory of liability alleged *(Santulli v Englert, Reilly & McHugh,* 78 NY2d 700, 707). As the instant action seeks to recover damages for a pecuniary interest and arises out of a contractual relationship between the parties, the six year statute of limitations applies even though the complaint is phrased in terms of professional malpractice *(see, Golub v Baer, Marks & Upham,* 172 AD2d 489; *Behren v Blumstein,* 165 AD2d 657, *lv denied* 77 NY2d 865). Furthermore, while we note that whether or not a continuous relationship exists is a question of fact, construing the allegations in the complaint in a light most favorable to the plaintiff *(Morone v Morone,* 50 NY2d 481), the Supreme Court appropriately applied the doctrine in denying the motion to dismiss *(see, Hall & Co. v Steiner & Mondore,* 147 AD2d 225; *see also, Glamm v Allen,* 57 NY2d 87, 93).

While it is true that the "[c]ourts do not generally regard the accountant-client relationship as a fiduciary one" *(Fund of Funds v Andersen & Co.,* 545 F Supp 1314, 1356), where the allegations include knowledge and concealment of illegal acts

and diversions of funds and failure to withdraw in the face of a conflict of interest, as in the case at bar, such a cause of action against an accountant will be permitted to stand.

However, the order must be modified to dismiss the fourth cause of action as against the individual partner defendants, since a cause of action for breach of contract does not lie against an individual partner "absent an allegation that the partnership is insolvent or otherwise unable to pay its obligations" *(Meyer v Park S. Assocs.,* 159 AD2d 337, 338; *Pine Plains Lbr. Corp. v Messina,* 78 AD2d 271; *Cunard Line v Abney,* 540 F Supp 657). It was also, therefore, error to grant the plaintiff's cross motion for leave to amend its complaint to allege the insolvency of the defendant partnership since the mere possibility of insolvency is insufficient to hold the individual partners liable *(Cunard Line v Abney, supra).*

We have considered the defendants' remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Smith and Rubin, JJ.