■ ALVIN MEYER et al., Respondents, v PARK SOUTH ASSOCIATES et al., Appellants.—Order, Supreme Court, New York County (Burton Sherman, J.), entered February 9, 1989, which denied the individual defendant's motion to dismiss the complaint as against him, unanimously modified, on the law, to dismiss the first, second, and fifth causes of action as against

the individual defendant, and otherwise affirmed, without costs.

Appeal from an order of the same court, entered January 11, 1989, which denied the defendants' motion to vacate a prior order of the court which granted plaintiffs certain injunctive relief, unanimously dismissed, as abandoned, without costs.

This action arises from a long-standing landlord-tenant dispute between the parties. The plaintiffs and their family are residents of five apartments at 100 Central Park South, a building owned by defendant Park South Associates. The individual defendant, Donald Trump, is a general partner of Park South, which is a limited partnership.

The within complaint asserts four causes of action against both defendants. The first cause of action seeks injunctive relief to stay termination of the lease. The second cause of action alleges a breach of the warranty of habitability. The third cause of action seeks money damages for a long-term campaign of harassment and the last cause of action, denominated the "fifth" but actually the fourth, seeks attorney's fees.

The individual defendant, Trump, moved to dismiss the complaint as against him on the ground that the partnership is the sole landlord of the building and, therefore, no action in this landlord-tenant dispute lies against him individually merely because he is a partner. The IAS court denied the motion in its entirety, finding that the complaint contained legally sufficient allegations that Trump's individual actions caused plaintiffs emotional distress and constituted the harassment alleged in the complaint.

We find that the IAS court correctly determined that the complaint alleges sufficient acts by the individual defendant to sustain the charges against him. However, these allegations pertain only to the third cause of action alleging "harassment", or intentional infliction of emotional distress, and not to the remaining causes of action in the complaint.

No cause of action lies against an individual partner for violation of a lease by the partnership, absent an allegation that the partnership is insolvent or otherwise unable to pay its obligations (e.g., Helmsley v Cohen, 56 AD2d 519). Here, the first cause of action seeks injunctive relief regarding a dispute concerning the lease, the second cause of action alleges a breach of the warranty of habitability by the landlord and the "fifth [sic]" cause of action seeks attorney's fees predicated on the contractual provisions in the lease regarding payment of

attorney's fees. Since all of these causes of action arise out of the lease and the business activities of the partnership-landlord, they cannot lie against a partner individually and they should be dismissed as to defendant Trump.

In distinction, the third cause of action alleges tortious conduct by the defendants, reciting a litany of charges of abuse, and sufficiently pleads a cause of action in tort for intentional infliction of emotional distress (see, Fischer v Maloney, 43 NY2d 553). An individual partner is liable for a tortious action committed by the partnership, and an action may be brought against him in his individual capacity (e.g., Pedersen v Manitowoc Co., 25 NY2d 412, 419). Accordingly, the third cause of action should stand as against the individual defendant Trump. Concur—Kupferman, J. P., Asch, Ellerin and Smith, JJ.