Ronald RYAN, Plaintiff,

v.

B. Giles BROPHY, Kenneth Gestal, John Knight and Sanwa Bank, Ltd., Defendants.

No. 89 Civ. 1812 (LBS).

United States District Court, S.D. New York.

Jan. 23, 1991.

---

**596**

Snow Becker Krauss P.C., New York City, (Leslie Trager, of counsel), for plaintiff.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, (Robert S. Smith, Doreen Le Pichon, Michael E. Gerber, of counsel), for defendants.

OPINION

SAND, District Judge.

This diversity case involves state law tort and contract claims asserted against the principal members of a partnership known as Sanwa–BGK Securities Co., L.P. ("the

Partnership"). Plaintiff, Ronald Ryan ("Ryan"), is a former employee of the Partnership. Defendants Giles Brophy, Kenneth Gestal and John Knight are limited partners in the Partnership (collectively, "the Partners"). Defendant Sanwa Bank, Ltd. ("Sanwa") is the corporate parent of a wholly owned subsidiary, Sanwa Securities, Inc., which is the Partnership's sole general partner.

Ryan's Amended Complaint asserts contract claims only against the Partners and tort claims against both the Partners and Sanwa. Presently before this Court is the Partners' motion to dismiss Ryan's contract claims, which are set forth in the first and third causes of action in the Amended Complaint, pursuant to F.R.Civ.P. 12(b)(6) and 12(c) for failure to state a cause of action.[1] For the reasons given below, the Partners' motion is granted and plaintiff's first and third causes of action are dismissed.

I. BACKGROUND

Ryan was hired by the Partnership, a bond trading firm, in 1982 to establish and manage a financial strategy division. At that time the Partnership was known as Refco Partners, L.P. and the three individual defendants named herein were general partners.[2] Ryan's employment was governed by a Divisional Management Agreement between himself and the Partnership dated September 16, 1982. Ryan continued in the Partnership's employ until February, 1988, at which time he was dismissed. The contract claims at issue on this motion arise from Ryan's dismissal by the Partnership and are based on his alleged rights under the Divisional Management Agreement.

In early 1988, the Partnership entered into a partial buy-out transaction with San-

1. In their motion papers, the Partners also sought dismissal of Ryan's second cause of action, which demanded an accounting. Ryan withdrew this claim prior to oral argument on the motion and therefore it will not be addressed herein. *See* Plaintiff's Memorandum of Law at p. 4.

2. The Partnership changed its name in 1987 to Brophy, Gestal, Knight & Co., L.P. In 1988, the name was changed to Sanwa–BGK Securities Co., L.P. The change of name in 1988 occurred as a result of a partial buy-out transaction which resulted in the individual defendants named herein becoming limited partners of the Partnership.

wa. The transaction was memorialized in a Partnership Contribution and Acquisition Agreement ("Acquisition Agreement") dated February 22, 1988. Pursuant to the terms of the Acquisition Agreement, Sanwa purchased a majority interest in the Partnership. Sanwa's interest was vested in a wholly-owned subsidiary, Sanwa Securities, Inc., which became the sole general partner in the Partnership. The former general partners, including the named defendants herein, became limited partners.

At the time of the 1988 transaction, it was clear to Sanwa and the members of the Partnership that Ryan was likely to bring suit as a result of his termination. Consequently, a clause was inserted into the Acquisition Agreement to deal with that contingency. Section 8.07(c) of the Acquisition Agreement ("the Indemnity Clause") provided that Sanwa would be "indemnified and held harmless" by the then partners of the Partnership "in respect to any and all losses, liabilities, damages, deficiencies, judgments or settlements" arising out of litigation with Ryan.

Ryan brought this action in early 1989, naming as defendants the Partnership, the Partners and Sanwa Bank. Jurisdiction was premised upon diversity of citizenship. Based upon the law of this Circuit at that time, Ryan believed that diversity existed as to the Partnership even though one of the Partnership's limited partners is a citizen of the same state as Ryan. However, in *Carden v. Arkoma Assocs.*, —— U.S. ——, 110 S.Ct. 1015, 1021, 108 L.Ed.2d 157 (1990), the Supreme Court pulled the jurisdictional rug out from under Ryan by making it clear that a limited partner's residence must be considered for purposes of diversity. As a result of *Carden*, Ryan dismissed his claims against the Partnership by stipulation in November, 1990.

In their motion to dismiss, the Partners argue that because the Partnership is no longer a named defendant, Ryan cannot maintain his contract claims against them. The Partners assert that under New York law, an action for breach of contract against a partnership may not be asserted directly against the partners unless the partnership is insolvent, which is not alleged here. Ryan counters that the general rule of New York law cited by the Partners is inapplicable in this case because of the Indemnity Clause contained in the Acquisition Agreement.

## II. DISCUSSION

In deciding the Partners' motion to dismiss, this Court is required to accept Ryan's allegations as true and to construe those allegations in the light most favorable to Ryan. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The complaint will be dismissed only if Ryan can prove no set of facts that would entitle him to relief. *See Goldman v. Belden*, 754 F.2d 1059, 1065 (2d Cir.1985).

■ The first issue to be decided is which state's law governs in this case. In their motion papers and briefs, the parties have assumed that New York law applies. It appears that the Partners are citizens of New York and that the Partnership has its principal place of business here. Amended Complaint ¶¶ 2–5. Moreover, the employment contract between Ryan and the Partnership, which forms the basis of his claims in this suit, contains a choice of law provision directing the application of New York law. *See* Divisional Management Agreement (Exhibit A to Defendant's Motion to Dismiss), ¶ 8.4. In view of these factors, this Court agrees with the parties that New York controls.

■ Having determined the applicable body of law, the next issue is whether the contract claims asserted in the Amended Complaint state a cause of action. Under New York law, partners in a partnership are jointly and severally liable for tort claims against the partnership, but only jointly liable for contract claims against the partnership. N.Y. Partnership Law § 26 (McKinney 1988). The result of this distinction is that while tort claims may be asserted against the individual partners in the first instance, contract claims must be asserted first against the partnership itself, and not the individual partners, unless the partnership is insolvent or otherwise un-

able to pay its debts. *See Meyer v. Park S. Assocs.*, 159 A.D.2d 337, 337, 552 N.Y.S.2d 614, 616 (App.Div.1990); *Helmsley v. Cohen*, 56 A.D.2d 519, 519–20, 391 N.Y.S.2d 522, 523 (App.Div.1977). The policy underlying this distinction seems to be that in ordinary contract disputes, partners should be protected from individual liability and the resultant need to seek contribution from each other if the partnership has sufficient assets to satisfy the judgment.

■ In this case, there is no allegation by Ryan that the Partnership is insolvent or would be unable to pay any judgment he might obtain as a result of his contract claims. Thus if the general rule against initial liability for partners applies, Ryan may not assert his contract claims directly against the Partners and therefore those claims must be dismissed because the Partnership is no longer a defendant in this action.

Ryan recognizes that application of the general rule would deprive him of his contract claims in this case. However, he argues that the general rule is inapplicable because of the Indemnity Clause in the Acquisition Agreement. Ryan asserts that the effect of the Indemnity Clause is to waive the protection against initial suit afforded to the Partners by New York law, thereby subjecting them to suit on the contract claims in the first instance. In support of this assertion Ryan appears to advance two separate theories.

First, Ryan asserts that the Indemnity Clause is a "separate obligation to perform a partnership contract" within the meaning of § 26(2) of the Partnership Law. That section permits a partner to enter into a contract with a third party which establishes a personal duty to perform an obligation of the partnership. N.Y. Partnership Law § 26(2) (McKinney 1988). Where a partner enters into such a contract, he may be held personally liable for the partnership obligation in the first instance. Thus, in *Henry v. First Nat'l Bank of Ardsley*, 110 N.Y.S.2d 115, 115–17 (Sup.Ct.1951), a partner was held to have assumed a separate obligation to perform, and thus to be liable in the first instance, where he signed a

letter contract addressed to the partnership in his own name and accepted a deed in his own name. In this case, however, the Indemnity Clause was part of a contract between the Partners and Sanwa, not between the Partners and Ryan. The clause created no obligation flowing from the Partners to Ryan, and therefore no separate obligation to perform was created.

■ Ryan's second argument is that the Indemnity Clause operates as a general waiver by the Partners of the protection against initial suit afforded them by New York partnership law. As support for this contention Ryan relies upon *Wisnouse v. Telsey*, 367 F.Supp. 855 (S.D.N.Y.1973). In that case, the plaintiff brought contract claims against the partners of a liquidated partnership. Two partners who had not joined the partnership at the time the cause of action arose argued that they were shielded from liability by § 28 of the New York Partnership Law, which limits an incoming partner's personal liability for preexisting partnership debts. The court rejected the partners' argument, holding that they had waived the protection of § 28 through a clause in the partnership agreement providing that partners would have "unlimited liability for the repayment ... of all debts ... of the Partnership to the full extent of their respective assets." *See id.* at 858–59. In this case, Ryan draws an analogy to *Wisnouse* and argues that by executing the Indemnity Clause, the Partners waived the protection of § 26 of the Partnership Law and subjected themselves to liability for Ryan's claims in the first instance.

This Court rejects Ryan's argument because we find *Wisnouse* to be distinguishable from the case at bar. In *Wisnouse,* the provision in the partnership agreement obligated the partners to assume liability for the *partnership's* debts. In this case, the Indemnity Clause obligates the Partners to hold Sanwa harmless; it says nothing about indemnifying the Partnership. Because Ryan's complaint alleges breach of contract by the Partnership, the reasoning of *Wisnouse* does not control and the

Indemnity Clause provides no right of direct action against the partners.

Even if the Indemnity Clause could be construed as an agreement by the Partners to assume liability on behalf of the Partnership, Ryan's argument still fails because the plain meaning of the words of the Indemnity Clause shows that the Partners did not agree to be subject to suit in the first instance. The clause states that Sanwa:

> shall be indemnified and held harmless by ... [the then partners of the Partnership] jointly and severally against and in respect of any and all losses, liabilities, damages, deficiencies, judgments or settlements (any and all costs and expenses including attorneys' fees, incidental thereto) that arise out of, result from or are related to the involvement of the company ... in any litigation ... by ... [Ryan].

Acquisition Agreement (Ex. C to Defendants' Motion to Dismiss), § 8.07(c). The term "indemnify" denotes secondary, not primary, liability. Similarly, the references to damages and attorneys fees in the clause indicate that the signatories contemplated that the Partners would incur an obligation to pay only if liability was first established against Sanwa. Therefore, even assuming that the Partners' agreement to indemnify Sanwa was tantamount to an agreement to indemnify the Partnership, Ryan's contract claims cannot be asserted against the Partners because the liability of the Partnership has not yet been established. Indeed, the alleged liability of the Partnership to Ryan cannot be established in this lawsuit because Ryan cannot sue the Partnership in this Court after the Supreme Court's decision in *Carden. See* 110 S.Ct. at 1021.

In sum, New York's general rule against holding partners initially liable for contract claims applies in this case despite the existence of the Indemnity Clause. Therefore, Ryan's contract claims fail to state causes of action because he has not alleged, and apparently cannot allege, that the Partnership is either insolvent or otherwise unable to satisfy any judgment he might obtain against it.

## CONCLUSION

For the reasons stated above, Ryan's contract claims against the Partners fail to state causes of action under New York law. Accordingly, the first and third causes of action in Ryan's Amended Complaint are dismissed, without prejudice to Ryan's right to assert those claims against the Partnership itself in an appropriate forum.

SO ORDERED.