■ ATENI MARITIME CORPORATION, Appellant, v GREAT MARINE LIMITED et al., Respondents. [627 NYS2d 965] —In an action, *inter alia,* to enforce a foreign money judgment, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Rosato, J.), entered June 30, 1993, which granted the motion of the defendants Project Tanker and Norman H. Donald III, the separate motion of the defendant Great Marine Limited, and the separate motion of Petroship Partners Limited I and the remaining defendants (excluding Howard C. Story) to dismiss the complaint insofar as it is asserted against the movants and denied its application for leave to replead, and (2) an order of the same court, entered August 11, 1993, which, upon granting the motion of the defendant Norman H. Donald III for clarification of its order entered June 30, 1993,

dismissed the complaint insofar as it is asserted against that defendant.

Ordered that the order entered August 11, 1993, is reversed, on the law, the motion for clarification of the order entered June 30, 1993, is denied, and the complaint is reinstated as against the defendant Norman H. Donald III; and it is further,

Ordered that the order entered June 30, 1993, is modified by deleting the provisions thereof granting the motion of the defendants Project Tanker and Norman H. Donald III, the separate motion of the defendant Great Marine Limited, and the separate motion of Petroship Partners Limited I and the remaining defendants (excluding Howard C. Story) to dismiss the complaint as against the movants and substituting therefor a provision denying the motions; as so modified, the order is affirmed, and the complaint is reinstated in its entirety; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

Deeming the allegations in the complaint as true and affording the plaintiff the benefit of every possible favorable inference (see, Leon v Martinez, 84 NY2d 83, 87-88), the second cause of action asserted against the defendant Petroship Partners Limited I and the fifth cause of action asserted against the limited partners states a cognizable claim to set aside a fraudulent conveyance (see, Debtor and Creditor Law §§ 273-a, 277; Durrant v Kelly, 186 AD2d 237; Moore Adv. Agency v I.H.R., Inc., 114 AD2d 484). The complaint also alleges a cognizable claim against the defendant general partners (see, Meyer v Park S. Assocs., 159 AD2d 337; Propoco, Inc. v Birnbaum, 157 AD2d 774).

The plaintiff's remaining contentions are either without merit or do not require reversal. Pizzuto, J. P., Joy, Friedmann and Goldstein, JJ., concur.