**L.K. COMSTOCK & COMPANY, INC., Plaintiff,**

v.

**PERINI CORPORATION, Individually and Perini/O & G II, a Joint Venture, Defendants.**

No. 95 Civ. 1117 (DC).

United States District Court, S.D. New York.

Nov. 7, 1995.

---

Murtagh, Cohen & Byrne by Edward T. Byrne, Garden City, New York, for Plaintiff.

McDonough Marcus Cohn & Tretter, P.C. by K. Richard Marcus, Steven I. Levin, New York City, for Defendants.

## MEMORANDUM DECISION

CHIN, District Judge.

In this diversity action, the parties have cross-moved for summary judgment. Plaintiff L.K. Comstock Company, Inc. ("Comstock") argues that the construction contract at issue unambiguously obligates defendants Perini Corporation ("Perini") and Perini/O & G II (the "Joint Venture") to perform certain work. Conversely, defendants claim that the contract plainly delegates the disputed work to Comstock. Because I find that the contract at issue is subject to two reasonable interpretations, the motions for summary judgment must be denied. Also, defendant

Perini Corporation's motion to dismiss is denied.

## BACKGROUND

Defendants submitted a bid to perform as prime contractor to the New York City Department of Transportation ("DOT") on the Williamsburg Bridge Project (the "Project"). One aspect of the Project is the installation of a Variable Message Sign System ("VMSS"). Completion of the VMSS requires both electrical work and general construction work.

In connection with its bid to the DOT, defendants solicited a bid from Comstock to perform as a subcontractor. After some negotiation, the parties entered into an agreement (the "Subcontract Agreement"). Comstock alleges that under the Subcontract Agreement, it was required to complete all electrical work that the Project required, plus any general construction work that was specifically included in the Subcontract Agreement. Thus, according to Comstock, it was not required to complete the entire VMSS, but only the electrical work portion, plus any other aspect of the VMSS that it specifically agreed to complete.

In support of its position, Comstock points to § 1.1 of the Subcontract Agreement, which provides that "[t]he Contract Documents for this Subcontract consist of . . . the mutually agreeable Project Schedule as may be amended from time to time. . . ." Comstock then argues that the last draft project schedule circulated before the parties entered the Subcontract Agreement stated that defendants, and not Comstock, were responsible for the disputed VMSS work. As further evidence, Comstock notes that the only reference to the VMSS in the Scope of Work section of the Subcontract Agreement is a provision that includes certain general construction tasks; however, the disputed work is not mentioned in that or any other inclusion. (Def't Aff.Exh. 1 at 16).

In contrast, defendants claim that by agreeing to perform the exact VMSS sub-items that defendants were required to perform pursuant to its contract with the DOT, Comstock obligated itself to perform the complete VMSS work. Specifically, section

1.3 of the Subcontract Agreement provides that "[t]he Subcontractor is bound to the Contractor by the Contract Documents and shall assume toward the contractor, with respect to Subcontractor's performance, the obligations and responsibilities which the Contractor assumes toward the Owner." Further, § 2.1 provides that "[t]he Contractor employs the Subcontractor as an independent Contractor, to perform the part of the Work which the Contractor has contracted with the owner to provide on the Project as set forth in Exhibit A 'Scope of Work.'" Finally, paragraph one of the Scope of Work section provides that "[t]he Subcontractor (L.K. Comstock & Co., Inc.) shall furnish all labor, material, supervision, engineering, equipment and incidentals required for the complete removal and/or installation of the items covered by this agreement, unless specifically modified herein." Defendants argue that, taken together, these provisions required Comstock to complete the entire VMSS.

### DISCUSSION

#### A. Motions for Summary Judgment

A motion for summary judgment may be granted only when there is no genuine issue of material fact remaining for trial and the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); *Silver v. City Univ.*, 947 F.2d 1021, 1022 (2d Cir.1991); *American Express Travel Related Services Co. v. Accu–Weather, Inc.*, 849 F.Supp. 233, 238 (S.D.N.Y.1994). In contract disputes, summary judgment is appropriate only if the language of the contract is "wholly unambiguous." *Mellon Bank, N.A. v. United Bank Corp.*, 31 F.3d 113, 115 (2d Cir.1994) (quoting *Heyman v. Commerce & Indus. Ins. Co.*, 524 F.2d 1317, 1320 (2d Cir.1975)); see also *Williams & Sons Erectors v. South Carolina Steel*, 983 F.2d 1176, 1183 (2d Cir. 1993) ("Summary judgment may be granted when the provisions of a contract convey a definite and precise meaning, absent any ambiguity."). Whether a contract is unambiguous is a matter of law to be decided by the court. *Mellon Bank*, 31 F.3d at 115; *Seiden Assoc., Inc. v. ANC Holdings, Inc.*, 959 F.2d 425, 429 (2d Cir.1992). Courts have defined an ambiguous terms as "one about which reasonable minds could differ." See, e.g., *Consarc Corp. v. Marine Midland Bank, N.A.*, 996 F.2d 568, 573 (2d Cir.1993).

If a contract is ambiguous, summary judgment may not be appropriate. "When the provisions of a contract are susceptible to conflicting constructions and when there is relevant extrinsic evidence of the parties' actual intent, the meaning of the contract is an issue of fact barring summary judgment." *Mellon Bank*, 31 F.3d at 116; *American Express*, 849 F.Supp. at 238. "Resolving an ambiguous term in a written contract through extrinsic evidence remains squarely within the province of the trier of fact [and thus] summary judgment in such circumstances is inappropriate." *Consarc Corp.* 996 F.2d at 574.

Based on these well-established principles, I cannot grant either side summary judgment in this action. The Subcontract Agreement cannot be described as "wholly unambiguous." For instance, the Scope of Work section of the Subcontract Agreement provides that Comstock must complete all work covered by the Subcontract Agreement except that which is specifically excluded. Yet, the Subcontract Agreement contains an *inclusion* that specifically applies to the VMSS. Similarly, it is unclear whether the parties intended the draft project schedule to be the "mutually agreeable Project Schedule" that is referred to in the Subcontract Agreement.

These questions and others can be answered only by examining extrinsic evidence. Moreover, as required under the law in this circuit, it appears that there is relevant extrinsic evidence of the parties' actual intent. *Mellon Bank*, 31 F.3d at 116; *Consarc Corp.* 996 F.2d at 573. Accordingly, it would be inappropriate to grant summary judgment.

#### B. Motion to Dismiss

Perini has moved to dismiss the claims against it, arguing that it is not liable to Comstock until the Joint Venture becomes insolvent. On a motion to dismiss, I must accept Comstock's allegations as true and construe those allegations in the light most

favorable to Comstock. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The claims against Perini may be dismissed only if Comstock can prove no set of facts that would entitle it to relief. *Dahlberg v. Becker,* 748 F.2d 85, 88 (2d Cir.1984), *cert. denied,* 470 U.S. 1084, 105 S.Ct. 1845, 85 L.Ed.2d 144 (1985).

Under this well settled standard, Perini's motion must be rejected. Viewing the facts in the light most favorable to Comstock, the actions giving rise to liability may predate the formation of the Joint Venture. Because Perini may have acted individually and not on behalf of the Joint Venture, it may be liable for a breach of the Sublease Agreement. N.Y.Partnership Law § 26(a)(2) (McKinney Supp.1995). Furthermore, Comstock has asserted both contract and tort claims against Perini. The tort claims against Perini are proper, even if at all times Perini was acting as partner on behalf of the Joint Venture. *Ryan v. Brophy,* 755 F.Supp. 595, 597 (S.D.N.Y.1991). Accordingly, Perini's motion to dismiss is denied.

### CONCLUSION

For the reasons set forth above, the parties' cross-motions for summary judgment and Perini's motion to dismiss are denied. Counsel for the parties are to appear for a pre-trial conference on November 21, 1995 at 10:00 a.m. in Courtroom 11A of the Courthouse at 500 Pearl Street.

SO ORDERED.