■ ATENI MARITIME CORPORATION, Appellant, v GREAT MARINE LIMITED et al., Respondents. [631 NYS2d 116] ■

Contrary to the defendants' contention, the instant subpoena duces tecum served upon KPMG Peat Marwick by the plaintiff, the judgment creditor, was a proper vehicle for discovering whether the defendant Petroship Partners Limited I (hereinafter Petroship) and the defendants, the general and limited partners of Petroship, were indebted to the judgment debtor the defendant Great Marine Limited (hereinafter Great Marine). Prior to commencing a special proceeding to recover debts owned by a judgment debtor as against third persons *(see,* CPLR 5225, 5227), a judgment creditor may utilize a disclosure subpoena *(see,* CPLR 5223, 5224) to discover facts in support of bringing the special proceeding *(see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5223:1, at 214; C5225:1, at 240).

In our prior decision and order *(see, Ateni Mar. Corp. v Great Mar.,* 215 AD2d 709), we reversed the Supreme Court's order entered August 11, 1993, and reinstated the complaint in its entirety as against Petroship and the defendants, the general and limited partners of Petroship. Thus, documents demonstrating the existence of an agency relationship between Great Marine and Petroship and supporting a claim that the sale proceeds were fraudulently conveyed by Great Marine to Petroship and from Petroship to its general and limited partners are "relevant to the satisfaction of the judgment" (CPLR 5223). Therefore, the Supreme Court improperly granted the motion

to quash item three and items seven through ten of the subpoena duces tecum.

The plaintiff's remaining contentions are without merit. Bracken, J. P., Rosenblatt, Miller and Friedmann, JJ., concur.